# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DAVID G. HOLTHAUS | : | Case No. 1:19-cv-285 |
| 3515 Hilda Avenue | : | |
| Cincinnati, Ohio 45211 | : | Judge _____ |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SCRIPPS MEDIA, INC. dba WCPO-TV | : | **COMPLAINT WITH JURY DEMAND** |
| C/O Corporation Service Company | : | **ENDORSED HEREON** |
| 50 West Broad Street, Suite 1330 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| And | : | |
| | : | |
| THE E.W. SCRIPPS COMPANY | : | |
| C/O Corporation Service Company | : | |
| 50 West Broad Street, Suite 1330 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
|     Defendants. | : | |

## PARTIES

1. Plaintiff David G. Holthaus is a citizen and resident of the State of Ohio.

2. Defendant Scripps Media, Inc. dba WCPO-TV, ("Defendant" or "WCPO") is a foreign corporation doing business in Hamilton County, Ohio.

3. Defendant The E.W. Scripps Company, ("Defendant" or "Scripps") is an Ohio corporation doing business in Hamilton County, Ohio.

4. Defendant is an employer within the meaning of state and federal law.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants because Defendants transact business in this division and district.

6. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States. This Court has original jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because Plaintiff's claim in Count I arises under the laws of the United States.

7. Plaintiff's Count I arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq.

8. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 on the grounds that they are related to the federal claims, over which this Court has original jurisdiction, that they form part of the same case or controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District.

10. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under its worksharing agreement with the Ohio Civil Rights Commission. He filed that charge on January 8, 2019, less than 180 days after Defendants failed to hire Plaintiff.

11. The EEOC did not rule that his charge was untimely.

12. Sixty (60) days has passed since Plaintiff filed his charge of discrimination with the EEOC.

13. Plaintiff has met all procedural prerequisites for his claims.

## FACTUAL ALLEGATIONS

14. Plaintiff was born in 1958.

15. Plaintiff had a tenure of approximately 20 years with Scripps Media.

16. At the time of his termination in March 2018, Plaintiff was employed at WCPO as the Managing Editor, Opinion and Engagement.

17. Plaintiff was fully qualified for that position and had a history of strong performance throughout his career at WCPO and the larger Scripps organization.

18. Plaintiff was notified on March 15, 2018, by phone, that his management position was being eliminated effective March 30, 2018, but he was told he could apply for one of three new management positions that were about to be posted.

19. Plaintiff applied for the positions of Senior Director of Enterprise and Investigations and Senior Director of Engagement.

20. Plaintiff was fully qualified for both roles.

21. Plaintiff interviewed for these two positions and was informed on or about March 28, 2018, that he was not chosen for either of the roles, and he would be receiving a severance offer.

22. The Senior Management Engagement position was awarded to Tasha Stewart who was 39 years old at the time and significantly younger than the Plaintiff.

23. The Senior Director of Enterprise and Investigations position was awarded to Meghan Wesley who was 33 years old at the time and significantly younger than the Plaintiff.

24. Plaintiff was informed that a posting for an Opinion Editor role would be made soon and that Plaintiff could apply for that position.

25. Defendants had a policy or practice related to alleged position reorganizations that if a new role included 70% or more of the duties and responsibilities that the employee was currently performing, the employee would be reassigned to that new role and would not be required to apply and interview for the newly created position.

26. All of the duties (100%) in the job positing for the newly created position of Opinion Editor/Writer were duties that Plaintiff performed in his role as Managing Editor, Opinion and Engagement.

27. Even though the Opinion Editor/Writer position consisted of 70% or more of Plaintiff's job responsibilities in the Managing Editor, Opinion and Engagement role from which he was terminated due to an alleged job elimination, Plaintiff was not moved to the new role which violated the Defendants' policy and practice. Instead, Plaintiff was told that he had to apply for the role.

28. The Opinion Editor role was posted on or about April 25, 2018, and Plaintiff applied for the position that day.

29. On May 11, 2018, Plaintiff applied for the posted role of Manager, Investigations at WCPO.

30. Plaintiff was highly qualified for that role, having managed reporters, including investigative reporters, in the past and having oversight responsibilities of investigative projects at WCPO and The Cincinnati Enquirer.

31. Plaintiff had won the Queen City Society of Professional Journalist's highest award for investigative journalism while at The Cincinnati Enquirer.

32. Plaintiff was not even extended an interview for the Manager, Investigations position.

33. The Manager, Investigations role was awarded to Hillary Lake who was 40 years old at the time and significantly younger than the Plaintiff.

34. Plaintiff also applied for a Documentaries Producer position at Newsy on May 11, 2018.

35. On or about October 26, 2018, Plaintiff learned that the Opinion Editor/Writer position he had applied for in April had been awarded to an external candidate, Jay Stowe, who is significantly younger than Plaintiff.

36. Plaintiff is 60 years old.

37. Plaintiff was rejected for each position for which he applied in favor of significantly younger, less-qualified individuals.

38. Ms. Lake, the newly appointed Manager, Investigations, posted on Facebook, "It feels good to still be considered a "Youngin"!  Guarantee I'll be the oldest person there. #imold"".

39. WCPO News Director Chip Mahaney and a hiring manager for positions for which Plaintiff applied posted on Facebook, "John Matarese and I presented this classic "Broadcast News" movie clip in my office today to teach some of my younger whipper-snapper managers what it was like in the old days of TV news…"

40. After Plaintiff engaged in protected activity and complained about age discrimination, Defendants removed Plaintiff from bylines of stories entirely conceived, reported, researched, written and produced by Plaintiff.  A significantly younger employee, Emily Maxwell, was given the bylines on Plaintiff's stories.

## COUNT I

### (Age Discrimination – ADEA)

41. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42. Plaintiff is over 40 years old.

43. Plaintiff was at all relevant times fully qualified for his position and for each of the positions for which he applied.

44. Defendants intentionally discriminated against Plaintiff by terminating him and failing to hire him based on his age in violation of ADEA.

45. Defendants retained and hired less qualified, less experienced, significantly younger individuals, rather than Plaintiff, based on his age rather than any legitimate reason in violation of the ADEA.

46. Defendants' conduct was willful, intentional, wanton, malicious, and in conscious disregard of Plaintiff's rights.

47. As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under the ADEA.

## COUNT II

### (Age Discrimination - R.C. Chapter 4112)

48. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

49. Plaintiff is over 40 years old.

50. Plaintiff was at all relevant times fully qualified for his position and each of the positions for which he applied.

51. Defendants intentionally discriminated against Plaintiff by terminating him and failing to hire him based on his age in violation of R.C. 4112.

52. Defendants retained and hired less qualified, less experienced, significantly younger individuals, rather than Plaintiff, based on his age rather than any legitimate reason in violation of R.C. 4112.

53. Defendants' conduct was willful, intentional, wanton, malicious, and in conscious disregard of Plaintiff's rights.

54. As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under R.C. 4112.

## COUNT III

### (Retaliation – R.C. Chapter 4112)

55. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein. Plaintiff engaged in protected activity and complained of age discrimination.

56. Defendant's acts in retaliating against Plaintiff because of his protected complaints include, but are not limited to, treating him worse and removing him from bylines of stories entirely conceived, reported, researched, written and produced by Plaintiff on account of his protected activity, in violation of R.C. 4112.

57. Defendants' conduct was willful, intentional, wanton, malicious, and in conscious disregard of Plaintiff's rights.

58. As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff has been injured and is entitled to damages under R.C. 4112.

**WHEREFORE,** Plaintiff David G. Holthaus prays for the following relief:

(a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment and post-judgment interest;

(h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(i) That Plaintiff be awarded reasonable attorneys' fees and costs;

(j) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Trial Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
PH: 513-721-1975/Fax: 513-651-2570
*kmyers@fmr.law*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Kelly Mulloy Myers